IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ADVANCED PAIN REMEDIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV1375 |
| | ) | |
| ADVANCED TARGETING SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the Motion to Dismiss, Transfer, or Stay [Doc. #8] filed by Defendant Advanced Targeting Systems, Inc. ("Defendant Advanced Targeting"), and the Motion for Oral Argument [Doc. #21] filed by Plaintiff Advanced Pain Remedies, Inc. ("Plaintiff APR"). The Court finds that oral argument is not necessary and will deny Plaintiff APR's motion. Given the existence of on-going proceedings in a parallel California action, the Court recommends that this action be stayed until the California court has resolved the issue whether it may assert personal jurisdiction over Plaintiff APR, which is a defendant in that action. As a result, this Court recommends that Defendant Advanced Targeting's Motion to Dismiss, Transfer or Stay be denied without prejudice.

I.   FACTS, CLAIMS, AND PROCEDURAL HISTORY

In its Amended Complaint, Plaintiff APR, a North Carolina corporation based in Durham, North Carolina, alleges that it is a biotechnology company focused on treating intractable pain. Its initial objective is to commercialize a "conjugate" owned by Defendant

Advanced Targeting, a Delaware corporation based in San Diego, California. To accomplish this objective, Defendant Advanced Targeting entered into a Development and License Agreement with Plaintiff APR ("Agreement"). The parties now assert claims against each other for breach of this Agreement and related causes of action.

Plaintiff APR filed this action in North Carolina state court, and Defendant Advanced Targeting removed it to this Court. (Pet. for Removal [Doc. #1].) Plaintiff APR first filed an "Application and Order Extending Time to File Complaint" in North Carolina state court on November 8, 2012. It filed its Complaint in state court on November 28, 2012. (Id. at 15-28.) Plaintiff APR's Complaint raises claims of Count 1-Declaratory Judgment, Count 2-Breach of Contract, Count 3-Violation of the N.C. Unfair and Deceptive Trade Practices Act, and Count 4-Unjust Enrichment. (Id.) Plaintiff APR filed an Amended Complaint in state court on December 12, 2012, raising the same claims as the original Complaint.

However, Defendant Advanced Targeting had filed an earlier Complaint in California state court on October 29, 2012, naming as Defendants Cato Research, Ltd.[1] and APR. (Smith Decl. [Doc. #10].) The California Complaint raises claims of breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory relief, and fraud. (Smith Decl. Ex. A.) On November 8, 2012, Advanced Targeting mailed by certified mail a copy of the California Complaint and summons to APR in Durham, North Carolina. (Id. Ex. B.) On December 7, 2012, APR and Cato Research, Ltd. removed the California action to the United States District Court for the Southern District of California. (Id.) On December 14, 2012, APR and Cato

---

[1] Cato Research, Ltd. and Plaintiff APR are both subsidiaries of Cato Holding Company. (Sutton Decl. [Doc. #10-7].)

2

Research, Ltd., as defendants in the California case, filed a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and a related, alternative Motion to Dismiss or Stay the California action for lack of an indispensable party pursuant to Federal Rule of Civil Procedure 19(b). (Id.) Those motions were re-filed on February 22, 2013.

On June 3, 2013, the United States District Court for the Southern District of California entered an Order [Doc. #23-1] denying the Motion to Dismiss for Lack of Personal Jurisdiction and denying the Motion to Dismiss or Stay the Action, without prejudice and subject to renewal. The California Court found that Advanced Targeting had "made a colorable showing that the court can exercise personal jurisdiction over APR because Cato Holding and APR's ties to one another appear to go beyond that of a normal parent-subsidiary relationship." (Order [Doc. #23-1] at 11.) The California Court concluded that Advanced Targeting had not yet demonstrated that APR on its own had sufficient contacts for the Court to exercise jurisdiction over it. (Id.) The Court permitted Advanced Targeting to conduct limited discovery, until August 14, 2013, to determine whether Cato Holding and its subsidiaries have a "relationship that existed beyond investor status." (Id. at 12.) Defendants may file new Rule 12(b)(2) and Rule 12(b)(7) motions by August 30, 2013. (Id. at 13.)

II. DISCUSSION

    A. Standard

In determining whether one of two parallel actions in different courts should be stayed or dismissed, the Fourth Circuit observes the "first-to-file rule" by which "'the first suit should

3

have priority, absent the showing of balance of convenience in favor of the second action.'" Volvo Constr. Equip. N.A., Inc. v. CLM Equip. Co., 386 F.3d 581, 594-95 (4th Cir. 2004) (quoting Ellicott Mach. Corp. v. Modern Welding Co., 502 F.2d 178, 180 n.2 (4th Cir. 1974) (internal quotation marks and citation omitted)). The factors considered in the "balance of convenience" are "essentially the same" as the factors used to determine whether to transfer venue pursuant to 28 U.S.C. § 1404(a). Employers Ins. of Wausau v. Fox Entm't Grp., Inc., 522 F.3d 271, 275 (2d Cir. 2008); St. Paul Fire & Marine Ins. Co. v. Renne Acquisitions Corp., No. 3:09CV476-RJC-DSC, 2010 WL 2465543 (W.D.N.C. June 14, 2010). Courts consider a number of factors when deciding whether to transfer an action pursuant to section 1404(a). See Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996). These factors include the plaintiff's initial choice of forum; the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing and unwilling witnesses; possibility of a view of the premises; enforceability of a judgment if one is obtained; relative advantage and obstacles to a fair trial; other practical problems that make a trial easy, expeditious, and inexpensive; administrative difficulties of court congestion; local interest in having localized controversies settled at home; appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and the avoidance of unnecessary problems with conflicts of laws. Id.

  B. Application

  The two actions at issue here are based upon the same legal and factual issues. Both sides seek declaratory relief based upon the Agreement and accuse each other of breaching the

agreement. The other claims for breach of implied covenants, fraud, unfair and deceptive trade practices, and unjust enrichment center around the Agreement and the parties' actions pursuant to the Agreement. Cato Research Ltd. is a party to the California action and not the North Carolina action, and any relief to which a party is entitled in the North Carolina action is available in the California action.

The first case to be filed between the two actions is the California action because for cases removed to federal court, the state court filing date controls. <u>Mfrs. Hanover Trust Co. v. Palmer Corp.</u>, 798 F. Supp. 161, 166 (S.D.N.Y. 1992) (collecting cases). The state court filing in the California action was October 29, 2012. The first North Carolina state court filing was November 8, 2012, and the Complaint itself was filed on November 28, 2012. Therefore, the California action is the first-filed action.

The California action should therefore have priority absent a showing that the balance of convenience is in favor of the North Carolina action. <u>Ellicott Mach.</u>, 502 F.2d at 180. Plaintiff APR argues that this Court should not follow the first-to-file rule, first, because it is not subject to personal jurisdiction in the California action. This is the issue now under consideration by the California court. Therefore, this issue favors staying this action until the issue of personal jurisdiction is settled in California. Second, Plaintiff APR concedes that "most of the balance of convenience factors are neutral at this early stage of the proceedings." (Response [Doc. #17] at 10.) It contends, however, that two factors, the access to sources of proof and the availability of compulsory process, favor a North Carolina venue for its case. In this regard, it argues that key employees and documents for the case are located in Durham,

5

North Carolina. However, the Court does not find these factors to be particularly compelling, since it appears that sources of proof are located in both North Carolina and California, and most documents are electronically available in either location. Thus, the balance of factors would not overcome the first-filed rule. As discussed above, it appears that the primary issue in considering the first-filed rule is whether APR is subject to personal jurisdiction in California. Because that issue will be decided by the California Court, this action should be stayed pending the resolution of that issue. Cf. R.J. Reynolds Tobacco Co. v. Star Scientific, Inc., 169 F. Supp. 2d 452, 455-56 (M.D.N.C. 2001) (entering similar stay while the court with the first-filed case resolved jurisdictional issues). The parties should be directed to file status updates with the Court within 30 days of any substantial action on the issue in the California litigation.

Because this action should be temporarily stayed, the Motion to Dismiss, Transfer, or Stay the entire action filed by Defendant Advanced Targeting should otherwise be denied without prejudice to it being renewed once there is further resolution of these issues in the California litigation.[2]

III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff APR's Motion for Oral Argument [Doc. #21] is DENIED.

---

[2] The Court specifically notes that Defendant Advanced Targeting alternatively contends that this case should be dismissed for lack of personal jurisdiction. However, if this case is transferred to California, this Court would not need to further consider that issue or require jurisdictional discovery. Therefore, in the interests of efficiency and to avoid unnecessary parallel proceedings, the Court finds that a temporary stay, with leave to refile the Motion to Dismiss or Transfer, is the appropriate course in the circumstances.

IT IS RECOMMENDED that this action be temporarily stayed pending the United States District Court for the Southern District of California's consideration of the exercise of personal jurisdiction over APR, and that the Motion to Dismiss, Transfer or Stay filed by Defendant Advanced Targeting Systems, Inc. [Doc. #8] be otherwise DENIED without prejudice to it being refiled following the California court's resolution of the question whether it may exercise personal jurisdiction over APR.

This, the 7th day of August, 2013.

/s/ Joi Elizabeth Peake
United States Magistrate Judge